The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLSON,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE & CASUALTY COMPANY<br><br>            Defendant. | Civil Action No. 3:20-cv-847-BJR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

## I. INTRODUCTION

Plaintiff Lindsay Carlson filed this lawsuit against Defendant State Farm Fire & Casualty Company ("State Farm") in June 2020, alleging claims for breach of contract and violation of the Washington Consumer Protection Act. Dkt. No. 1. Currently before the Court is Plaintiff's motion for attorney's fees, which State Farm opposes. Dkt. Nos. 23 and 26. Having reviewed the motion and opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny the motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

On November 18, 2018, Plaintiff's home, which was insured by State Farm, was destroyed by fire. Dkt. No. 14 at ¶ 9. Plaintiff made a claim for damages and State Farm made payments in the amount of $171,824.80 for the dwelling and $124,394.82 for personal property. *Id*. at ¶ 12. However, a dispute arose between the parties regarding amounts owed under the policy's "Ordinance and Law" provision as well as the value of certain additional personal property. *Id*. at ¶ 14. Important to the instant motion, State Farm did not dispute that coverage existed under the "Ordinance and Law" provision of the policy, nor did it dispute that coverage existed for the additional personal property; rather, State Farm disputed the value of Plaintiff's claims. *See, e.g.*, Dkt. No. 27, Ex. F.

Attempts to resolve the dispute short of litigation failed and Plaintiff instituted this lawsuit in June 2020. Dkt. No. 1. However, the parties continued to negotiate and were eventually able to resolve their differences regarding the value of Plaintiff's outstanding claims. Dkt. No. 27, Ex. L. The only outstanding issue between the parties is Plaintiff's instant motion in which she requests that this Court order State Farm to pay her attorney's fees.

## III.   DISCUSSION

In the seminal case, *Olympic Steamship,* the Washington Supreme Court held that an insured may recover reasonable attorney's fees where an insurer "compels the insured to [take] legal action to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." *Olympic S.S. Co. v. Centennial Ins. Co.*, 811 P.2d 673, 681 (Wn. 1991). Three years later the Washington Supreme Court clarified that an award of attorney's fees is appropriate only when coverage under the policy was in dispute. *Dayton v. Farmers Ins. Group*, 876 P.2d 896, 898 (Wn. 1994). In the decades since, "Washington courts have unequivocally recognized … [that]

2

*Olympic Steamship* fees are awarded 'only when an insurer wrongfully denied 'coverage' as distinguished from the situation where 'coverage' is conceded but the claim fails or recovery is diminished on its factual merits.'" *Schreib v. American Family Mut. Ins. Co.*, 129 F. Supp. 3d 1129, 1142 (W.D. Wash. 2015) (quoting *Greengo v. Pub. Emps. Mut. Ins. Co.*, 959 P.2d 657, 665 (Wn. 1998)); *see also*, *Gossett v. Farmers Insurance*, 948 P.2d 1264, 1278 (Wn. 1997) ("[T]he *Olympic [Steamship]* rule applies only to disputes over coverage, and not to disputes over the amount of a claim.").

Here, State Farm did not dispute that coverage existed under the insurance policy; it disputed the amount owed under the "Ordinance and Law" and "Personal Property" provisions of the policy and requested that Plaintiff provide documentation to substantiate her claims. After much back and forth between the parties (documented in correspondence) and an appraisal, the parties were able to reach an agreement on the outstanding claims. This is not a situation that warrants an award of attorney's fees under *Olympic Steamship*. Indeed, doing so is prohibited by *Dayton* and its progeny.

Plaintiff attempts to circumvent this obstacle by arguing that State Farm denied that ordinance law coverage and replacement cost coverage existed under her policy. Plaintiff is mistaken. This Court has reviewed the correspondence between the parties regarding these claims and it is clear that although State Farm challenged the validity of some of Plaintiff's claims under these provisions, it did not deny that the policy afforded coverage under either provision. For instance, a local ordinance required Plaintiff to conduct wetland abatement before rebuilding her home after the fire. When Plaintiff submitted a reimbursement claim to State Farm for the cost of the abatement, State Farm conceded coverage under the "Ordinance and Law" provision of the policy but disputed a portion of the cost because it was associated with destruction that was done

to the wetlands before the fire destroyed Plaintiff's home. Plaintiff ultimately agreed, reduced her reimbursement request accordingly, and State Farm paid the claim. *See* Dkt. No. 29 at ¶ 4.

As for Plaintiff's replacement cost claims, State Farm did not deny coverage; rather, it requested that Plaintiff provide documentation to substantiate her claims, something well-within its rights under the terms of the policy. *See*, *e.g.*, Dkt. No. 29, Ex. B (requesting documentation to substantiate that Plaintiff "in fact lost 10,000 cookie presses and 200 adult costumes"); Ex. G (requesting that Plaintiff clarify which receipts apply to which items on a contents list); Ex. L (stating the previously provided receipts for the "replacement cost personal property" was "not in a legible format"). State Farm did not dispute that coverage existed for these claims; State Farm simply requested substantiation for the value of the claims.

Plaintiff's reliance on *Leingang v. Pierce County Medical Bureau* is misplaced. 930 P.2d 288 (Wn. 1997). Plaintiff argues that *Leingang* stands for the proposition that "[a]ll that is necessary to recover attorney fees under [*Olympic Steamship*] is that the insurer compels the insured to assume the burden of legal action to obtain the full benefit of the insurance contract." Dkt. No. 23 (quoting *Leingang*, 930 P.2d at 296). Plaintiff takes this statement out of context. When making this statement, the *Leingang* Court was clarifying that, unlike an award of attorney's fees under the Washington Consumer Protection Act, an award for attorney's fees under *Olympic Steamboat* does not require a finding of bad faith. 930 P.2d at 296. Read in context, however, it is clear that the *Leingang* Court goes to great lengths to clarify that *Olympic Steamship* fees are available only in cases where coverage is disputed. *Leingang*, 930 P.2d 288, 294 (citing to a string of cases for the

proposition that "no fees [can be] awarded when the insurer does not dispute coverage but merely disputes the value of the claim").[1]

Thus, because this case involved a disagreement as to the value of Plaintiff's claims as opposed to coverage, Plaintiff is not entitled to an award of attorney's fees under *Olympic Steamship*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees (Dkt. No. 23) is HEREBY DENIED.

Dated this 6th day of August 2021.

*Barbara J Rothstein*
Barbara    Jacobs    Rothstein
U.S. District Court Judge

---

[1] Plaintiff also cites to *Gossett v. Farmers Ins. Co. of Washington*, 948 P.2d 1264 (Wn. 1997) and *McGreevy v. Oregon Mut. Ins. Co.*, 904 P.2d 731 (Wn. 1995). In both, the Washington Supreme Court is clear that attorney's fees are available under Olympic Steamboat only if the insurer disputes coverage. *Gossett*, 984 P.2d at 1274, 1278 ("An insured who prevails in a dispute over coverage is entitled to attorney fees from the insurer"…"We held in Dayton that the *Olympic [Steamship]* rule applies only to disputes over coverage, and not to disputes over the amount of the claim."); *McGreevy*, 904 P.2d 738 ("In our opinion, when an insurer unsuccessfully contests coverage, it has placed its interests about the insured. Our decision in *Olympic Steamship* remedies this inequity by requiring that the insured be made whole.").